## NAVE *v.* RITTER.

COUNTY COMMISSIONERS.—*Allowance to Clerk for Extra Services.*— Before county commissioners can make an allowance to a clerk, under the provisions of the act of 1861 (2 G. & H. 652), the clerk must take and subscribe an oath or affirmation to the truth of his charges. Subscribing his name to the charges is in no sense subscribing to the oath or affirmation.

SAME.—A certificate of the auditor, that the claim so subscribed has been " sub-scribed and sworn to in open court," is not sufficient; it does not show that the clerk has subscribed and sworn to the truth of the charges.

APPEAL from the Hendricks Common Pleas.

WORDEN, J.—Levi Ritter, the appellee, filed his claim before the board of commissioners of Hendricks county, as follows:

"HENDRICKS COUNTY, INDIANA.

" To Levi Ritter, Dr.

" For services rendered for said county, and for which said county is liable to pay, in the following sums, to wit: for keeping a registry of county and township officers for eight years, commencing July 26th, 1860, and ending July 26th 1868, four dollars per annum, thirty-two dollars.

" [Signed:]            LEVI RITTER."

Appended to the claim is the following certificate:

" Subscribed and sworn to in open court this 7th day of September, 1871.        WM. M. HESS, A. H. C."

The board allowed the claim to the amount of twenty-four dollars, at the rate per annum specified, deducting two years from the specified time on the ground that for those years Ritter had been allowed in full for extra services.

From the allowance thus made by the board, Christian C. Nave, the appellant herein, took an appeal to the court of common pleas, where he moved to dismiss the claim on the grounds, amongst others, that it was "not dated and itemized," and that the claimant, Ritter, "had not taken and subscribed an oath or affirmation to the truth of the claim."

The motion was overruled, and the appellant excepted. Such further proceedings were had as that judgment was rendered affirming the order of the board of commissioners, and dismissing the appeal at the costs of the appellant.

Error is assigned upon the ruling in question.

The act of 1861, 2 G. & H. 652, provides, "that the board of county commissioners shall annually allow the clerk and sheriff of their respective counties an annual compensation for extra services as such, not exceeding one hundred dollars each; but no such allowance shall be made to either of those officers until he shall have filed a detailed statement of his charges, with items and dates, and taken and subscribed an oath or affirmation to the truth thereof. The board may then make such reasonable allowance as they deem proper, but in no event to exceed the sum above named; which allowance shall be in full of all compensation for extra and other services where no certain fee is fixed by law."

We are of opinion that the claim filed did not meet the requirements of the statute above quoted. The objection, that items and dates are not given, seems to have some foundation. The details of keeping the registry, it seems to us, could have been stated, giving the items and dates more specifically, as required by the statute. But, however this may be, the affidavit is not such as the statute requires. The statute peremptorily requires the clerk or sheriff to take and subscribe an oath or affirmation to the truth of his charges. Here he has not subscribed any oath or affirma-

tion at all. He subscribed the charges, but not the oath or affirmation. The subscribing of his name to the charges is in no sense whatever the subscribing of the oath or affirmation. Again, it does not appear that he swore to the truth of his charges.

It appears, by the appended certificate of the auditor, that the claim was "subscribed and sworn to in open court," but this does not convey any very exact idea of what was sworn to in relation to the claim.

The judgment below is reversed, with costs, and the cause remanded, with leave to the parties to amend.

*C. C. Nave* and *C. A. Nave*, for appellant.

*W. A. McKenzie*, for appellee.