Hunter, Adm'r, *v.* The Board of Commissioners of Ripley County.

---

HUNTER, ADMINISTRATOR, *v.* THE BOARD OF COMMISSION-
ERS OF RIPLEY COUNTY.

COUNTY CLERK.—FEES.—*Extra Allowance.*—County commissioners have no authority to make an allowance to the county clerk for extra services, under the act of 1861, 2 G. & H. 652, to an amount exceeding one hundred dollars per annum ; nor for any sum unless the clerk take and subscribe an oath or affirmation to the truth of his statement of charges.

From the Ripley Circuit Court.

*G. Durbin,* for appellant.

PETTIT, J.—This suit was brought by the appellant, John H. Hunter, administrator of John H. Smith, against the appellee, to recover for fees alleged to be due the deceased, in his lifetime, for services rendered as clerk of the circuit and common pleas courts, from April 18th, 1869, to November 13th, 1872, for issuing certificates to the auditor for the services of jurors, issuing venires for juries, certificates of allowances made by the courts, and making out election papers, amounting to three hundred and eighty-four dollars and fifty cents.

An agreed statement of facts took the place of a complaint, and it is quite formal and regular.  It admits the rendering of the services, their value, and that the administrator had demanded payment, which had been refused, and submits the case to the court to determine as to the right of the plaintiff and the liability of the defendant.

VOL. XLVIII.—12

Cox *v.* The Louisville, etc., R. R. Co.

The court held that the defendant was not liable, and the correctness of this holding is properly before this court.   We hold that this ruling was right.   The commissioners are liable to a clerk for extra services, but not to exceed one hundred dollars a year, if the clerk takes certain actions, and not otherwise.   No detailed statement of his charges was filed before or with the board, nor did he take and subscribe an oath or affirmation to the truth thereof.   2 G. & H. 652, secs. 1 and 2; *Nave* v. *Ritter*, 41 Ind. 301.   Had these steps been taken, and had the board of commissioners refused to allow the claim, an appeal might have been taken.   1 G. & H. 253, sec. 31.

2 G. & H. 652 points out the steps to be taken by a clerk, to enable him to recover of the county for extra services, and those steps not having been taken, he can not recover.   This law is not repealed by any other enactment, as to the steps that must be taken by the clerk to entitle him to be paid for extra services.

The judgment is affirmed, at the costs of the appellant.