| 51 | 397 |
|128 | 64 |

## THE CITY OF CRAWFORDSVILLE *v.* JOHNSON ET AL.

MECHANIC'S LIEN.—*Sub-contractor.*—A sub-contractor, who has furnished materials or performed labor in the erection of a new building, may, by filing proper notice within the time required by law, secure a lien on the building and the land on which it is erected, though before the filing of such notice the owner may have paid the contractor all that was due him under the contract.

SAME.—*Notice.*—*Description of Premises.*—A notice of intention to hold a ·mechanic's lien addressed to the mayor and city council of a city named, within the county, and to all others whom it might concern, recited that the signer of the notice had "furnished materials and labor in the erection of the city building now erected on part of lot No. 110 on the original plat of said city," to a certain amount, and then gave notice that he would hold his lien "on the aforesaid part of lot No. 110 and the improvements and building thereon," etc.
*Held*, that the land was sufficiently described.
SUPREME COURT.—*Petition for Rehearing.*—If, after a petition for a rehearing has been granted by the Supreme Court, and the cause has been again decided, the same party may file another petition for a rehearing, it can only reach the questions upon which the first rehearing was granted.

From the Montgomery Circuit Court.

J. E. McDonald, J. M. Butler, J. M. Cowan, F. B. McDonald and G. C. Butler, for appellant.

G. H. Chapman, U. J. Hammond and J. J. Hawes, for appellees.

PETTIT, J.—This was a suit by the appellees against the appellant, to enforce the lien of sub-contractors under the mechanic's lien law. There are but two questions in the case:

1. Can a sub-contractor secure a lien on the building and ground on which it is erected, by filing the proper notice, within the legal time, but after the owner has fully paid the contractor all that was due to him on the contract? In the thoroughly and fully considered case of *Colter* v. *Frese*, 45 Ind. 96, this question was ruled in the affirmative, and we adhere to that ruling.

2. Was the notice given sufficiently definite and certain? This was the notice:

"State of Indiana, Montgomery county, City of Crawfordsville: To the Mayor and City Council of the City of Crawfordsville aforesaid, and to all others whom it may concern, know ye, that the undersigned, having furnished material and labor in the erection of the city building now erected on part of lot No. 110, on the original plat of the town (now city) of Crawfordsville, to the amount of nine hundred and

forty-nine dollars and fifty-seven cents, now this is to notify all persons and corporations that we shall hold our lien on the aforesaid part of lot No. 110, and the improvements and building thereon, for the payment of our claim of nine hundred and forty-nine dollars and fifty-seven cents for said materials and labor so furnished during the prosecution of the work, between the 1st day of September, 1872, and the 14th day of January, 1873."

This was properly signed and filed for record on the 27th day of February, 1873, and the only objection made to it is, that the land is not sufficiently described, and *Howell* v. *Zerbee*, 26 Ind. 214, and *Lindley* v. *Cross*, 31 Ind. 106, are cited to support this objection. These cases are not in point. In the first, there is nothing by which the precise ground could be known or pointed out, while in this notice, the new building shows what part of lot No. 110 is covered by it. In the second case cited, the lots named in the notice were entirely different in numbers and locality from the lots on which the building was erected.

The case of *The City of Crawfordsville* v. *Irwin*, 46 Ind. 438, differs from this case. There, the part of the lot was not identified as the part on which the city buildings were situated, as is the case here.

It is not pretended that the city was, or could have been, misled as to what land was intended, and we think there is no ground or room for such pretense; and we hold that the notice was sufficient to bind the land covered by the new building on lot No. 110.

The judgment is affirmed, at the costs of the appellant.

## ON PETITION FOR A REHEARING.

PETTIT, J.—On the 19th day of June, 1874, the original opinion in this case was filed, affirming the judgment below. A petition for a rehearing was filed, and was granted on the sole and only point or question as to the sufficiency of the notice, thus being refused on all other grounds. On a reconsideration of the question on which the rehearing was

granted, to wit, the sufficiency of the notice, we all agreed that the notice was sufficient, and re-filed the original opinion. A second petition has been filed for a rehearing. This is too late as to all questions other than the sufficiency of the notice, if, indeed, a second petition for a rehearing can be filed by the same party in the same case. If this can be done, why may not ten, twenty or a hundred petitions for rehearing be filed by the same party in the same case? Both petitions for a rehearing insist that the complaint in this case and that of *The City of Crawfordsville* v. *Barr*, 45 Ind. 258, are the same, and express great surprise that the Barr case should be reversed, and that this should be affirmed by the same court. In this the counsel are grossly at fault. The complaints in the two cases are not alike. In the Barr case the complaint says, that on the 7th day of November, 1872, and on divers other days between that and including the 14th day of November, 1872, the plaintiff furnished to said Alexander & Whitsett (the contractors) one hundred and thirteen thousand brick, "which were used in the construction of said building," and plaintiff says that "there is yet due him from said Alexander & Whitsett four hundred and sixty-one dollars." Thus it may be seen that there is no averment that the brick were furnished *for* the building, but that they were furnished to the contractors, and by them used in the building; and on this very point this court held the complaint insufficient. While in this case the complaint says, "that the said defendant became indebted to said plaintiff, and is now indebted to the said plaintiff, in the sum of nine hundred and forty-nine dollars and fifty-seven cents, for materials furnished and work and labor done in the erection of said city building."

The complaints in the two cases are unlike in another particular. In *The City of Crawfordsville* v. *Barr*, *supra*, it is not shown that the notice was filed within sixty days after the completion of the building, while in this case it is affirmatively shown that the notice was filed in time. The bills of particulars in the two cases are not alike. In the case

last cited, it is made out against Alexander & Whitsett; but in this case it is made out against the City of Crawfordsville, the appellant.

The petition is overruled.