No. 15,440.

## TEETER v. NEWCOM.

MARRIED WOMAN.—*Insane Husband.*—*Conveyance of Separate Property.*—By the act of March 11th, 1861 (1 R. S. 1876, p. 555), a married woman whose husband is insane may make a valid deed of conveyance of her separate property.

From the Wayne Circuit Court.

*B. F. Mason* and *T. J. Study,* for appellant.

*J. F. Kibbey, H. C. Fox* and *J. F. Robbins,* for appellee.

MILLER, J.—One Rebecca Halderman, who was the owner, in her own right, of a tract of land, sold for its full value and conveyed the land by a general warranty deed to the appellee, her husband not joining in the deed.

At the time of the conveyance her husband was insane, and so remained until his death.

After the death of the husband, his widow conveyed the land to the appellant, her daughter, who brings this action to recover the land.

If the conveyance made by Rebecca Halderman to the appellee, her husband not joining, was a valid conveyance, her subsequent grantee acquired no title, and can not recover the land.

Rebecca Halderman being a married woman, her conveyance to the appellee was absolutely void, unless some enabling statute authorized her to convey, without her husband joining in the conveyance. *Shumaker* v. *Johnson,* 35 Ind. 33; *Behler* v. *Weyburn,* 59 Ind. 143; *Suman* v. *Springate,* 67 Ind. 115.

The solution of this question depends upon the construction to be given to an act of the General Assembly, then in force, which is as follows:

"An act to enlarge the legal capacity of married woman whose husbands are insane, and to enable them to contract as if they were unmarried." Approved March 11th, 1861.

" Section 1.  Be it enacted by the General Assembly of the State of Indiana, That all married women, or those who may be hereafter married, whose husbands are, or may be insane, are during the continuance of such insanity, hereby enabled and authorized to make and execute all such contracts, and to be contracted with, in relation to their separate property, as they could if they were unmarried, and they may sue and be sued thereon as if they were *sole*."

The question we are to determine is this : Is the making of a deed of conveyance for her separate property one of the contracts which this act authorizes a married woman to make?

In *Shin* v. *Bosart*, 72 Ind. 105, it was held that this act enabled a married woman whose husband was insane to execute a mortgage on her separate real estate without being joined by her husband.  In the opinion this language is used :

" The object intended to be accomplished by the statute is obvious, and the wisdom of such an enactment very manifest. The reason the law has always required that married women should only contract with the consent of, and in conjunction with, the husband, is, that the advice, experience and business knowledge of the latter should be used for the benefit of the wife, and to prevent her from being drawn into contracts prejudicial to her interests.  This reason can not apply where the reasoning powers of the husband are overthrown by disease, and where, so far from being capable of giving advice, he is incapable of thinking natural thoughts."

This reasoning applies with as much force to the making of a deed as a mortgage.

We are unable to conceive of any good reason why the law-making power should have given married women, whose husbands were insane, power to encumber or make contracts that might result in the alienation of their separate property, and yet withhold from them power to make such alienation by a direct and inexpensive method.

Nothing, either in the reason for the enactment of the

law, or in the language used in the act, indicates an intention to make this discrimination. A deed of conveyance is as much a contract in relation to their separate property as a mortgage of the same.

The language used both in the title and in the body of the act, indicates an intention, so far as their separate property is concerned, to entirely remove their disabilities, and enable them to contract as fully as if they were unmarried.

We are unable to agree with counsel in the position assumed by them, that this act simply permitted married women, whose husbands were insane, to make contracts for the improvement of their separate property, or to encumber it when necessary for its use and enjoyment. We find no words of limitation in the act restricting their power to contract generally and for all purposes.

It is also contended that the General Assembly, in the enactment of the act approved April 9, 1881 (section 5138, R. S. 1881), indicated that it did not construe the act of 1861 as giving power to married women to convey the fee simple. A construction placed upon an act by a Legislature convening twenty years after its enactment would not be of controlling weight. *Middleton* v. *Greeson*, 106 Ind. 18 (28). But we do not regard this as a legislative construction, but as a simple change of the law upon the subject.

The construction placed upon this act by the circuit court seems to be in harmony with the letter of the act, and such as to promote the object of its enactment, although it may prevent the appellant and her grantor recovering the land while retaining the price for which it was sold.

Judgment affirmed.

Filed Dec. 8, 1891.