# Shumate v. Board of County Com'rs of Pitkin Co.

*District Court of Pitkin County, March 14th, 1900.*

John T. Shumate *pro se;* Harold W. Clark for defendant.

RUCKER, J.

This cause having been tried on an agreed statement of facts and taken under advisement, now at this day, the Court finds:

1  That John T. Shumate, the plaintiff, is and was at all times mentioned in the agreed statement, the duly elected, qualified and acting District Attorney of the Ninth Judicial District of Colorado and that Pitkin county is one of the counties in said district.

2  That in the discharge of his duties as such district attorney the said John T Shumate, drew and filed certain informations in the District and County Courts of said Pitkin county against one or more defendants named in each of said informations.

3  That as such district attorney he appeared in certain inquisitions in lunacy in said County Court.

4  And as such district attorney he appeared before the justice of the peace court in said county in preliminary examinations of felony cases.

5  That as such district attorney he appeared in said justice court on behalf of the people and prosecuted other criminal cases.

6  That the board of county commissioners of Pitkin county

have disallowed and refused to pay certain accounts for services in said Pitkin county.

From this agreed statement it appears that the defendant does not deny that such services were rendered but claim that under the law, plaintiff is not entitled to any compensation for such services. It is therefore necessary for the court to determine the duties and compensation of the district attorney as prescribed by the statute, and to determine the power and rights of the defendant in relation to the accounts presented by the district attorney.

The office of district attorney is provided for by the constitution as follows:

"There shall be elected by the qualified electors of each judicial district at each regular election for Judges of the Supreme Court, a District Attorney for each district whose term of office shall be three years and whose duties and compensation shall be as provided by law. * * * " Sec. 21, Art. 6, Constitution of Colorado.

The general duties of a district attorney are stated in Chapter 42 of Mills Statutes, but there are other important duties required of him not mentioned in said chapter. Section 1551 of Mills Annotated Statutes provides: That every district attorney shall appear in behalf of the State and the several counties of his district in all indictments, suits and proceedings which may be pending in the District Court in any county within his district wherein the state or the people thereof or any county of his said district may be a party; on the hearing of every writ of habeas corpus sued out by any person charged with or convicted of any public offense before the judge of his district in any such indictment, action or proceeding which may be removed from the District Court of any county within his district into the Supreme Court by appeal or writ of error; in any such indictment, action, suit or proceeding which may be brought to the District Court of any county in his district by change of venue from any other district; and when he may deem it advisable so to do, in the preliminary examination of persons charged with any offense before any justice of the peace or judge within his district. * * * *Id.* Section 1552 provides that the district attorney shall appear at inquests held by the coroner. *Id.* Section 1114 provides that

he shall be the prosecuting attorney in the county courts in his district.

The compensation of district attorney for his services is limited to four thousand dollars per annum; of this sum he receives a fixed salary of $800.00 from the state (1 Mills Ann. St. § 1560). Any compensation other than said salary is to be paid by the fees as provided for in an act regulating the compensation of district attorneys, approved April 20, 1891 (3 Mills Ann. St. § 1873), which are as follows:

"* * * In all civil cases a docket fee of five dollars.

"For all collections for the state or any county in his district when the amount collected is under five hundred dollars, five per cent, over five hundred dollars two and one half per cent.

"For every criminal trial, conviction or examination before justice of the peace or judge of any court of record when said judge is sitting in the capacity of an examining magistrate, five dollars.

"In cases where more than one day is consumed in such trial or conviction or examination by change of venue or otherwise, five dollars per day.

"For the trial or conviction of each defendant in cases of misdemeanor in any court of competent jurisdiction, five dollars;

"For the trial or conviction in any court of any competent jurisdiction of each defendant in cases of felonies, fifteen dollars.

"For the trial or conviction of each defendant in capital cases one hundred dollars.

"For each days attendance at coroners inquests and hearings on habeas corpus, ten dollars.

"For drawing each indictment or information, five dollars; provided such indictment be not quashed."

Said act further provides, that the district attorney shall at the end of each year of his term of office, render a true and correct itemized statement, under oath, to the secretary of state, of the fees received by him as district attorney for the preceding year and the surplus, if any, over and above $3200.00 shall be repaid to the county treasurers of the counties of his district, each county to receive its proportion of such surplus as the amount it has paid the district attorney during such year shall bear to the whole fee collected in the district by him.

The court having considered the agreed statement of facts and the law of this state in answer to the questions submitted is of the opinion:

That the district attorney is entitled to charge for and receive five dollars for each and every defendant named in any information or indictment filed in the district or county court, unless the information or indictment be quashed.

When an indictment or information is drawn that contains the name of more than one defendant it is a charge against each individual, and each must answer for himself, each has the right to conduct his defense; one may be convicted and the other acquitted; we think this question is settled by The Board of County Commissioners, Arapahoe County v. Graham in 4 Colo. 201.

That it is the duty of the district attorney to appear in inquisitions of lunacy cases because all such proceedings are in the name of the people upon complaint or information filed in the county court. By virtue of his office the district attorney has authority to represent the people. If he draws the complaint he is entitled to the same fee as allowed for drawing information in any criminal case. Lunacy proceedings being an examination before the county judge, sitting in the capacity of an examining magistrate assisted by a jury, the fee in such cases is five dollars per day consumed in such examination.

As to questions concerning preliminary examinations before justice of the peace, it was evidently the intention of the legisla ture to allow the district attorney only five dollars for each day consumed in such examination, whether it concerned one or many defendants; plaintiff is not entitled to a fee of five dollars for each defendant at such examinations.

Concerning misdemeanor cases in the county court, also in the justice court, the plaintiff is entitled to a fee of five dollars per day for each and every defendant named in the complaint (who is on trial) whether there is a conviction or not.

I have been unable to find any authority for the claim of five dollars in each of the contempt proceedings. There was no service rendered by plaintiff in such proceedings.

The court having heretofore answered the question concerning authority of the board to make a contract with plaintiff in the affirmative, it is not necessary to refer to that matter again.

In considering this case it has been necessary to examine as to the power and authority of defendant to refuse to audit and allow warrants to be drawn on county treasurers for the statutory fees prescribed as compensation for services rendered by the plaintiff as district attorney.

The district attorney is not required to make any report to the board of county commissioners of the fees earned by him, nor does he receive his compensation from any particular fund.

The plaintiff as district attorney, is a state officer. He is the representative of the people, charged with the duty to present formal charges before a legal tribunal against any person accused of crime. It is his duty to prosecute all such cases if in his judgment the accused is probably guilty.

The people elect a district attorney and they rely upon him to appear in behalf of the state, and the counties of his district in all matters concerning the criminal laws of the state by virtue of his office. There are many other duties required of him than those specially given by statute which he has authority to perform. When he presents a claim properly verified for the fees prescribed by law as compensation for services rendered in such county, it must be paid regardless of whether there is a conviction or not, or whether or not the defendant or defendants are able to pay.

The board of county commissioners have no discretion concerning the duty required of a district attorney or the payment of his statutory fees. If they were allowed such discretion it might in many cases, be exercised in such a way as to hinder and embarrass the district attorney in the discharge of the duty required of him by the state. People *ex rel* Downing v. Stout, 23 Barb. N. Y. 338; People *ex rel* Morrison v. Supervisors of Hamilton County, 56 Hun. (N. Y.) 459; People v. Starling, 13 S. Car.—; Cemerer v. State *ex rel* Garber 7 Neb. 130; State *ex rel* Grable v. Roderick, 25 Neb. 629; San Joaquin Co. v. Jones, 18 Cal. 327; Hunter v. Board Com'rs Ripley Co., 48 Ind. 177.

It is therefore considered, ordered and adjudged that plaintiff have judgment on agreed statement of facts as outlined in foregoing decision.