NOEL ET AL. *v.* VAN FLEIT ET AL.

[No. 25,660.   Filed December 13, 1933.]

*Atkinson & Husselman* and *H. W. Mountz,* for appellants.

*W. W. Sharpless* and *R. W. Sharpless,* for appellees.

HUGHES, J.—This is an action to establish a drain in DeKalb County, Indiana, under the general drainage laws of the State of Indiana. Don E. VanFleit and others filed their petition in the circuit court of DeKalb County. Within 20 days after the giving of the notice and the filing of the petition, the appellants and others filed in the office of the court of DeKalb Circuit Court, remonstrances against said petition. The remonstrances being overruled, drainage commissioners were appointed and thereafter filed their report. This appeal is from the decision of the court, overruling the original remonstrances in the petition and the remonstrances against the report, and from the judgment of the court establishing the drain.

The appellants have assigned a number of errors for reversal, but only three are set out under propositions, points, and authorities and discussed and therefore all others are deemed waived. The ones discussed are as follows: (1) The court erred in holding that the original 2/3 remonstrance was not sufficient; (2) the report of the drainage commissioners

was not verified as required by law and was therefore not sufficient to justify the assessments or to sustain the decision of the court; (3) the report of the drainage commissioners was too uncertain and indefinite as to assessments of benefits to support the judgment of the court. In other words, that the evidence was insufficient to sustain the finding and judgment of the court. It appears from the record that after four or five days trial by the court to determine whether or not there was a valid two-thirds remonstrance by the persons named in the petition, a stipulation or agreement was entered into by the petitioners and the remonstrators as follows: "It is admitted by the petitioners and remonstrators in the above entitled cause and to be taken as proven therein that said petition was set for docketing and was docketed in the DeKalb Circuit Court on the 22nd day of June, 1925; that thereafter on July 14, 1925, the remonstrators filed in the office of the clerk of said court a written remonstrance against the construction of said drain which was signed by more than two-thirds of the interested landowners who were residents of DeKalb County, Indiana, the county in which the proposed drains and the lands affected thereby were entirely located, whose lands would be affected by the construction of said drain. That thereafter on the 15th day of July, 1925, the petitioners filed in the office of the clerk of said court an instrument in writing signed by twenty-one of said remonstrators who were interested landowners resident of said DeKalb County, Indiana, in which said drain and the lands affected thereby were entirely located, withdrawing from said remonstrance. That if said withdrawals were filed in time to be effective and if they were effective as to the said twenty-one remonstrators thus withdrawing and whose signatures appeared thereon, the number of remonstrators

was thereby reduced to less than two-thirds of the interested property owners resident in said County.

CHARLES S. SMITH,

W. W. SHARPLESS, Attorneys for Petitioners.

H. W. MOUNTZ, Attorney for Remonstrators.

Upon this agreed statement of facts, the court found that the expiration of the period of time for filing a remonstrance on account of the withdrawal of twenty-one names therefrom, that a required two-thirds in number of the land-owners effected by the proposed drain was not on the remonstrance, when the same became effective and found for the petitioners and against the remonstrators.

Section 6169, Burns 1926, provides the procedure for docketing, notice, hearing, report, and for filing a remonstrance. Among other things it provides: "That if within twenty days, exclusive of Sundays, from the day set for the docketing of such petition, two-thirds in number of the land-owners named as such in such petition, or who may be affected by any assessment or damages, resident in the county or counties where the lands affected are situated, shall remonstrate in writing against the construction of such drain or ditch, such petition shall be dismissed at the cost of the petitioners."

We find from the record that the cause was docketed on June 22, 1925; that the remonstrance was filed July 14, 1925 and that the withdrawals were filed on July 15, 1925. It is the contention of appellants that their remonstrance was filed on the 19th day and the withdrawals on the 20th day, after the day of docketing and that the withdrawals came too late. It must be admitted that the withdrawals were filed on the 20th day. There were eight days remaining in June and fifteen days in July, making twenty-three days, but three Sundays intervened, and therefore twenty days remained.

It is the contention of appellants that the withdrawal of certain remonstrators on the twentieth day, exclusive of Sundays, after the docketing of the cause, did ■ not defeat or render ineffective the two-thirds remonstrance and that such withdrawals were too late to invalidate the remonstrance. Such contention cannot be sustained. The case of *Sauntman* v. *Maxwell* (1899), 154 Ind. 114, 124, 54 N. E. 397, cited by appellants, is strong authority against, rather than for them. In that case the provision of the statute, then as now, provided, "that any person named in such petition as the owner of land shall have ten days, exclusive of Sunday and the day of docketing such action, after such docketing to file with said court any demurrer remonstrance . . ." And the court said, in construing the above provision, that "a period of ten days after the docketing of the cause is allowed in which to file a remonstrance for the dismissal of the petition. Within that time any remonstrant has the right to withdraw whether the remonstrance has been filed or not. After the ten days have elapsed, the question for determination on the petition and remonstrance, no matter how long the delay before the hearing is had, is whether or not the required number of land-owners, with proper qualifications, were remonstrants at the expiration of the ten day period. No remonstrant may withdraw subsequently." If the withdrawals are filed within the period of twenty days, exclusive of Sundays, from the day set for the docketing of the petition, and, if at the expiration of that period, there are not two-thirds in number of the land-owners named in the petition, or who may be effected by any assessment or damages, remaining on the remonstrance, then, in that event, the remonstrance is ineffective and of no force. The withdrawals, in the instant case, having been made within the twenty-day period are effective and defeats and

renders ineffective the two-thirds remonstrance. *Hinchman* v. *Wilson* (1900), 156 Ind. 476, 60 N. E. 36; *Thorn* v. *Silver* (1910), 174 Ind. 504, 89 N. E. 943, 92 N. E. 161; *Thompson* v. *Massburg* (1923), 193 Ind. 566, 139 N. E. 307, 141 N. E. 241.

The second proposition presented by appellants is that the report of the drainage commissioners was not verified as required by law and was therefore not sufficient to justify the assessments or to sustain the decision of the court.

We find upon examination of the report, at the close thereof, the following: "In witness whereof, we, the undersigned viewers, hereunto set our hands, this 17th day of May, 1926.

CALVIN CAIN, J. W. METCALF, W. J. CARNAHAN. State of Indiana, DeKalb County, S.S;

Subscribed and sworn to before me, this 17th day of May, 1926.

J. H. KNAUER, Clerk DeKalb Circuit Court."

The statute says that they (commissioners) shall "make report to the court under oath" and says nothing about the report being verified.

The appellees cite the case of *Nave* v. *Ritter* (1872), 41 Ind. 301, as sustaining his contention. That case differs from this, in that the statute, under which the claim in that case was filed before the board of County Commissioners, specifically required a detailed statement of charges, with items and dates, and an oath taken and subscribed to the truthfulness thereof. In that case the statute peremptorily required the clerk or sheriff (the parties who filed the claims) to take and subscribe an oath or affirmation to the truth of his charges.

In the instant case the statute merely says that the commissioners shall make a report to the court "under

oath." This, the commissioners did and we are of the opinion that the same is sufficient. It would be highly technical to sustain the contention of the appellants upon this proposition and to strike out the report of the commissioners upon this ground.

Insofar as the case of *Nave* v. *Ritter, supra,* may be construed to be in conflict with this opinion, the same is overruled.

The third and last proposition set out under propositions, points, and authorities, and discussed by the appellants is that the report was uncertain, indefinite, and insufficient to sustain the decision of the court. This contention is untenable. The statute says that the commissioners shall assess "the benefits and damages as the case may be to each tract of land. . . ." The report shows the benefits and the assessments and we think this is a substantial compliance with this statute.

The appellants complain that the decision of the court is based entirely upon the report of the drainage commissioners. The record, however, shows that a number of days were spent in the trial upon the remonstrance to the amended report, that evidence of the petitioners and remonstrators was heard, and at the close of all the evidence the court made its finding and found for some of the remonstrators and that the report should be modified in certain respects and then entered judgment.

The record clearly shows that all the evidence is not in the record and therefore the cause can not be reversed for the reason there is not sufficient evidence to sustain the finding and judgment.

Judgment affirmed.