## HAMER *v*. EBERHART ET AL.

[No. 27,185. Filed October 4, 1939. Rehearing denied November 6, 1939.]

*William D. Hamer,* for appellant.

*H. B. Spencer,* and *Arthur Palmer,* for appellees.

TREMAIN, J.—Sixty owners of taxable real estate in Huntington County, Indiana, filed a petition with the county council requesting the issuance of bonds to procure funds with which to repair and build an addition to the county hospital, pursuant to the provisions of Section 7, Chapter 119, Acts 1937, p. 646. The council convened in regular session, approved the petition, de-

termined to issue the bonds, and caused notices to be posted and published as required by said section. Seventy-six alleged owners of taxable real estate in said county filed a remonstrance against the issuance of said bonds. Both the petition and the remonstrance were prepared and filed in compliance with the requirements of the statute.

Section 7 allows a period of thirty days after notice in which to file the remonstrance. It was filed within that time, and within the same time fifteen signers of the remonstrance withdrew their names therefrom. Upon the expiration of the thirty-day period the council met in special session, approved the withdrawal of the fifteen remonstrators, and found that only fifty-three of those remaining were owners of taxable real estate within the county. The number of the qualified remonstrators being less in number than the petitioners, the council adopted a resolution authorizing the bonds issued. Thereupon, the appellant filed this action in the Huntington Circuit Court to enjoin the council from issuing the bonds and from proceeding further in the matter, based on the ground that the remonstrators outnumbered the petitioners, and, therefore, under Section 7, supra, the council was without jurisdiction to act.

Issues were closed. The cause was submitted to the court for trial. Upon appellant's request the court found the facts specially and stated its conclusions of law thereon. The court's conclusions favored the appellees. The appellant excepted to the conclusions and appealed to this court. The findings of the court established the foregoing facts, and are not questioned in any manner. A motion for a new trial was not filed.

Section 7 of Chapter 119, supra, contains the following provisions:

"Provided, however, That if in any case within thirty (30) days after the publishing of such notice, a remonstrance or remonstrances shall likewise be filed by owners of taxable real estate in such municipal corporation greater in number than the number of petitioners, which remonstrance is likewise duly verified and certified praying that no such obligations be issued, then no such obligation shall be issued."

The findings of the court disclose "that at the expiration of thirty (30) days from the publication of notice of determination to issue bonds, as hereinabove set forth, there was on file in said Auditor's Office, the petition of 60 owners of taxable real estate in said County, to issue said bonds, and the remonstrance of 53 owners of taxable real estate in said County against the issuance of said bonds."

The question of law submitted to this court for determination is whether or not a taxpayer who has signed a remonstrance may withdraw as a remonstrator within the time allowed for filing such remonstrance. Appellant contends that the county council lost all jurisdiction in the matter at the time the remonstrance was filed, and that its decision in striking therefrom the fifteen withdrawals was a nullity. Appellees' position is that the remonstrance must contain more signers than contained in the petition at the expiration of the time for filing the remonstrance.

The right of remonstrators to withdraw their names within that time has been decided against appellant's contention. The latest case to which the court's attention has been directed is *Noel* v. *Van Fleit* (1933), 205 Ind. 657, 187 N. E. 832. In that case a remonstrance was filed and certain remonstrators withdrew their names on the last day allowed for filing the remon-

strance. The court there held that within the time allowed by statute in which a remonstrance may be filed, any remonstrant has the right to withdraw his name. In so holding the court cited and relied upon *Sauntman* v. *Maxwell* (1900), 154 Ind. 114, 124, 54 N. E. 397. The court there squarely held that any remonstrant may withdraw his name from the remonstrance within the time allowed for filing the remonstrance, but not thereafter.

The same holding was made by the court in *Hinchman* v. *Wilson* (1901), 156 Ind. 476, 60 N. E. 36, where the court cited the statute as follows:

> " 'Any person named in such petition as the owner of land shall have ten days, exclusive of Sunday and the day of docketing * * * to file with said court any demurrer, remonstrance or objection * * *. All objections to the petition or to the acting of any drainage commissioner not made within said ten days shall be deemed waived.'
>
> "When the remonstrance comes on to be heard, within a long or short period after the filing thereof, the question to be determined 'is whether or not the required number of landowners, with proper qualifications, were remonstrants at the expiration of the ten days' period. No remonstrant may withdraw subsequently.' "

The foregoing decisions arose in drainage proceedings, but in so far as the right of a remonstrant to withdraw his name from the remonstrance within the time allowed for filing the same is concerned, no reason appears why the same principle should not be applied to a withdrawal of a name from the remonstrance against the issuance of bonds, as in the case at bar.

It was held in *State* v. *Gerhardt* (1896), 145 Ind. 439, 44 N. E. 469, that a remonstrant may withdraw his name from a remonstrance filed against the sale of liquor in a township or ward.

These authorities clearly demonstrate that the county council possessed jurisdiction under the facts disclosed to recognize the withdrawals of the remonstrants and to issue the bonds for the purpose named in the petition therefor. This question having been determined in favor of the appellees it is decisive of other subordinate questions discussed by counsel.

The judgment is affirmed.