## KALBAC v. KALBAC.

[No. 19,602. Filed October 3, 1961. Rehearing denied November 9, 1961. Transfer denied December 20, 1961.]

*Sidney Kreiger,* of Gary, for appellant.

*Sachs, Ruman & Tanasijevich,* of Hammond, for appellee.

PFAFF, C. J.—Appellant brought this action against appellee to partition certain real estate in Lake County, Indiana. Trial to the court resulted in judgment in favor of appellee. The error assigned here is the overruling of appellant's motion for a new trial. The only specification of that motion is that "the finding of the court is contrary to law."

Appellee did not file an answer to the brief filed by appellant. If the appellant's brief had made *a prima facie case of reversible error* this would have justified a reversal of this action. *Wertzberger, Admr., etc.* v. *Herd* (1957), 128 Ind. App. 85, 146 N. E. 2d 115; *Newton, d/b/a, etc.* v. *Hunt, d/b/a, etc.* (1957), 127 Ind. App. 456, 142 N. E. 2d 643; *Sunn* v. *Martin* (1959), 130 Ind. 29, 161 N. E. 2d 487; 2 West's Indiana Law Encyclopedia, Appeals, §394.

In all cases appealed to this court there is a presumption that the trial court correctly decided the ques-

tions presented. It is encumbent upon the appellant to rebut this presumption in his brief by clearly showing that the trial court committed serious error which denied the relief to which he was entitled under the law.

The appellant's brief does not set out the writ of execution of which he complains, nor the Sheriff's deed upon which he relies for reversal, and only a portion of the judgment of the trial court. The argument portion of his brief contains only his conclusions as to these matters. It wholly fails to establish error in the trial court. It follows that the judgment must be affirmed.

Judgment affirmed.

Ax, Bierly, Cooper, Gonas, Kelley, Myers, and Ryan, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 279.