STONE v. STONE.

[No. 19,718. Filed March 22, 1963.]

*Harvey W. Garrett*, of Princeton, for appellant.

*Arthur S. Wilson*, of Princeton, for appellee.

COOPER, C. J.—This is an appeal from the Gibson Circuit Court wherein the appellant, Edith Pear Stone, filed a petition for a citation against the appellee herein, John Stone, Jr., averring therein that said appellee had failed to comply with an order of court relating to the support of minor children. The appellee being ordered to appear and show cause, and, upon appearing, filed a motion to discharge the ruling and to modify the decree. It appears upon the issues thus joined, the court below denied the motion to discharge the rule and thereafter modified the existing decree, the pertinent part of the modified decree reads as follows:

"The court now finds against the defendant on his motion to discharge the rule against him; the court further finds that the support order in the divorce decree made and entered in this cause be modified; that the defendant pay to the Clerk of the Gibson Circuit Court, the sum of $100.00, within 30 days, to apply on the back support payments; that the defendant pay to the Clerk of this court, the further sum of $15.00 on Friday, September 1, 1961, and like sums of $15.00 on each Friday thereafter and that on said Friday, September 1, 1961, the defendant pay the further sum of $7.50 to the clerk of this court, to apply on the back support payments and continue said payments of $7.50 on each Friday thereafter until the delinquent payments are paid in full, the regular payments shall return to the amount originally ordered of $22.50, payable on each Friday; that the defendant pay the further sum of $25.00, within 30 days, for the use and benefit of the plaintiff's attorney, as his fee.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that the defendant take nothing by his motion to discharge the rule against him and that the support payments in the divorce decree be modified; that the defendant pay to the clerk of the Gibson Circuit Court, the sum of $100.00, within 30 days, to apply on the back support payments; that the defendant pay to the clerk of this court, the sum of $15.00 on Friday, September 1, 1961, and like sums of $15.00 on each Friday thereafter; that on said Friday, September 1, 1961, the defendant pay to the clerk of this court, the sum of $7.50 to apply on the back support payments and pay the further sum of $7.50 on each Friday thereafter until the back support payments are paid in full; that after said delinquent support payments are paid, then the regular support payments shall revert to the amount originally ordered by this court, that is $22.50 per week, payable on each Friday or until further order of this court; that the defendant pay the further sum of $25.00, within 30 days, for the use and benefit of the plaintiff's attorney, as his fee."

Thereafter, the appellant filed the following motion for a new trial, the pertinent part reading as follows:

"The plaintiff in the above entitled cause moves the court for a new trial on her petition for citation for contempt of court and on the defendant's motion to modify the divorce decree, for each of the following grounds:

"1. The decision *fo* the court is contrary to law in each instance.

"2. The decision of the court is not sustained by sufficient evidence in each instance.

"WHEREFORE, the plaintiff prays the court for a new trial on her petition for citation for contempt of court and on the defendant's motion to modify the divorce decree."

Thereafter, the trial court overruled the motion for the new trial, and this appeal followed.

The assigned error is the overruling of the motion for a new trial.

For reasons unknown to the court, the appellee herein has failed to file an appellee's brief; therefore, it is necessary for us to first detrmine from the record and the appellant's brief as to whether or not the appellant has made a prima facie showing of error.

In reviewing the record now before us and the appellant's brief, it affirmatively appears that the bill of exceptions containing the evidence on the petition for citation is not and has not been made a part of the record now before us, nor is it set forth in appellant's brief.

Any error relating to the appellant's petition for a citation of contempt of court in his motion for a new trial would necessarily depend upon the evidence which is not in the record. Therefore, there is nothing

before this court relating to said citation for contempt.

It is a general rule of law that where there is no bill of exceptions containing the evidence or the bill is not made a part of the record, all questions depending upon the evidence may not be considered by the appellate tribunal. *Koeneman* v. *Aldridge* (1954) (T. D. 1955), 125 Ind. App. 176, 122 N. E. 2d 345; *O'Brien* v. *Fulwiler, Executor etc.* (1960), 130 Ind. App. 520, 166 N. E. 2d 525; *Rees et al.* v. *Rees et al.* (1961), 131 Ind. App. 616, 172 N. E. 2d 435; §2276, Flanagan, Wiltrout and Hamilton's, Indiana Trial and Appellate Practice, 1961 Pocket Part.

We are of the opinion the same thing is true as far as the appellant's contention that the defendant's motion to modify was not sustained by sufficient evidence and was contrary to law. We believe that it was incumbent upon the appellant to include all of the evidence given in said cause in the record, together with a concise statement thereof in his brief. Without such evidence, we are unable to determine the sufficiency of the evidence and whether or not the trial court committed error in entering the foregoing modified order.

Our Supreme Court in the case of *Swiggett* v. *Swiggett* (1958), 237 Ind. 541, 147 N. E. 2d 220, stated:

> "It has been many times stated by this court that a cause cannot be reversed for the insufficiency of the evidence to sustain the finding and judgment of the lower court unless the record clearly shows that all of the evidence is in the record. See: *Noel* v. *Van Fleit* (1933), 205 Ind. 657, 187 N. E. 832; *Lemasters* v. *Williams Coal*

*Co.* (1934), 206 Ind. 369, 189 N. E. 414, and cases therein cited."

It would be a dangerous and a hazardous precedent for us to indulge in presumption as to what the absent evidence would be, and, furthermore, we would have to ignore many of our decisions to do so.

There being no question presented by the record and no prima facie showing of error made by the appellant, the judgment of the trial court is affirmed.

Carson, Clements, and Ryan, JJ., concur.

NOTE.—Reported in 188 N. E. 2d 833.