HAMILTON ET AL. *v.* KORBLY ET AL.

[No. 20,178. Filed April 14, 1965.]

*Edward L. Hamilton,* of Terre Haute, for appellant.

*John G. McNutt* and *Bernard Korbly,* of Indianapolis, for appellees.

FAULCONER, C. J.—This is an appeal from a judgment rendered by the court, without the intervention of a jury, adverse to the appellants who were the defendants below.

Appellees herein filed a "Motion to Dismiss or Affirm" for failure of appellants to comply with Rule 2-17 of the Supreme Court, 1964 Edition. Appellants' brief certainly leaves much to be desired. However, since appellants raise only one issue for our consideration, and it being our desire to decide appeals on their merits wherever possible and we can understand from appellants' brief the issue he desires to present, we are of the opinion that appellants have sufficiently complied with the rules of the Supreme Court. Therefore, the motion of appellees to dismiss or affirm is overruled.

Appellees, in the prayer of their motion to dismiss or affirm, requested an extension of time within which to file their answer brief in the event such motion should be overruled. However, such request for extension of time does not comply with Rule 2-16 of the Supreme Court and is, therefore, denied.

Appellees having failed to properly file a request for extension of time to file answer brief herein, no brief having been filed within the time allowed, and their time for filing such brief having expired, we have considered this appeal on appellants' brief alone. The general rule is that where no brief has been filed by the appellee the judgment may be reversed if the appellant's brief presents a prima facie case

of error. *Stone* v. *Stone* (1963), 134 Ind. App. 396, 399, 188 N. E. 2d 833.

Appellants state two specifications in their assignment of errors:

"1. The Court erred in overruling Appellants' Motion for a New Trial.

"2. That the Honorable Addison M. Dowling, regular judge of said Court, was without jurisdiction to enter Nunc Pro Tunc entry, the said Judge having divested himself of jurisdiction prior to said entry, by the valid appointment of the Honorable Joseph G. Wood, Special Judge in said cause."

Appellants' failure to in any manner argue or refer to their first assignment of error in the argument section of their brief waives any error on that specification. Rule 2-17(e), (f), *supra*, Rules of the Supreme Court, 1964 Edition; *Gernhart* v. *State* (1954), 233 Ind. 470, 472, 120 N. E. 2d 265; *McCracken* v. *Hunter, et al.* (1962), 134 Ind. App. 157, 161, 186 N. E. 2d 884; *Dragoo* v. *Dragoo* (1962), 133 Ind. App. 394, 401, 182 N. E. 2d 434; *Thanos* v. *Fox* (1958), 128 Ind. App. 416, 423, 149 N. E. 2d 315.

Appellants confine their argument to Specification No. 2 which we feel a brief statement of the record will aid in a clearer understanding of the problem.

Judgment was entered by the Special Judge on September 24, 1963, and the motion for new trial, timely filed, was overruled on January 22, 1964. On March 18, 1964, prior to the filing of the transcript and assignment of errors in this court, appellees (plaintiffs below) filed in the trial court a motion for a nunc pro tunc entry, which motion was heard and granted on April 3, 1964...

The substance of the motion and entry made was that the defendant, Roger Hamilton, came to this (trial)

court in person on March 12, 1963, and requested that the cause be set for trial; that on the same date said cause was set for trial on April 2, 1963, at 9:00 A.M. and defendant was so informed, and the bailiff mailed to defendants a notice thereof; that on April 2, 1963, plaintiffs appeared but neither the defendants nor their attorney appeared; that in a conversation with the bailiff on said day over the telephone, defendant, Roger Hamilton, requested a continuance to employ new counsel which was granted and the cause set for trial on May 2, 1963, at 1:30 P.M., of which the defendant, Roger Hamilton, was informed orally, and a notice was also mailed to the defendants of such trial date. That these above facts were entered on the court calendar of causes to be tried, but that "through the inadventure [inadvertence] and misprison of the clerk, no order book entry was made showing the setting of this cause for trial."

The point of contention here is the fact that the hearing on the petition for nunc pro tunc entry was conducted by the regular judge of the court and the order of nunc pro tunc entry was made by the regular judge.

It is significant, we believe, that the subject matter of the nunc pro tunc entries concerned a time in the pendency of this action prior to the selection and qualification of the special judge, and that the actual hearing on the motion for nunc pro tunc entry took place after the motion for new trial was overruled.

In all cases appealed to this court there is a presumption that the trial court correctly decided the question presented. It is incumbent upon the appellant to rebut this presumption in his brief by clearly showing that the trial court committed serious error which denied the relief to which he was entitled under the law. *Kalbac* v. *Kalbac* (1961), 132 Ind. App. 593, 594-595, 177 N. E. 2d 279 (Transfer denied).

Our courts have stated that it is incumbent upon the appellant on appeal to affirmatively show harmful error by argument and citation of authorities. *Wills v. Motorists Mutual Insurance Co.* (1962), 133 Ind. App. 634, 638, 184 N. E. 2d 161.

Appellants urge error in the regular judge acting in this matter. The two cases they cite as authority are not applicable to the facts herein. In our opinion appellants have failed, by cogent argument and citation of authority, to show that the entries made by the regular judge are harmful error or in any way would affect the judgment or trial of the cause. They have further failed to show in what harmful way their cause would be affected if said entries were "void" as they contend, or how the existence or non-existence of the facts could affect the judgment or prejudice their cause.

Appellants, in our opinion, have not shown such prima facie error necessary for a reversal.

Judgment affirmed.

Carson, Prime and Martin, JJ., concur.

NOTE.—Reported in 205 N. E. 2d 833.