BENNETT ET AL. D/B/A BENNETT STONE CO. *v.* PEARSON D/B/A PEARSON BUILDING SUPPLY ET AL.

[No. 20,392. Filed July 11, 1966.]

*Evens, Baker & Barnhart,* of Bloomington, for appellants.

*Noble K. Littell* and *Byrl Eltzroth,* of Martinsville, for appellees.

SMITH, C. J.—This case involves an appeal from a negative verdict rendered in an action brought by the plaintiff-appellants against the defendant-appellees to foreclose a mechanic's lien.

The relevant facts, as found in the record, are that the appellees Pruitt and appellee Pearson entered into an oral contract whereby Pearson agreed to veneer Pruitts' house with stone. On order of Pearson, appellants furnished the

stone to be used by Pearson in fulfilling his contract with the appellees Pruitt.

The appellants filed a lien on Pruitts' house in the amount of the purchase price of the stone which Pearson had agreed to pay. Prior to the filing of the lien, the Pruitts paid Pearson the amount of the purchase price of the stone used in veneering Pruitts' house.

Appellants' complaint alleged in substance:

"1. That plaintiffs are partners engaged in the stone business under the name of Bennett Stone Company.

"2. That the defendants Billy H. Pruitt and Lena Pruitt, husband and wife, were on and prior to the 24th day of October, 1960 the owners of the following described real estate in Morgan County, Indiana, to-wit:

"A part of the North half of the Northeast quarter of Section 11, Township 13 North, Range 2 West, Described as follows, to-wit: Beginning at the Northeast corner of said tract: thence South 20.16 chains to the Southeast corner thereof; thence West 36.71 chains; thence North 20.16 chains to the North line of said tract; thence East 36.71 chains to the place of beginning, containing 74 acres, more or less. Also, Southwest quarter, Northeast quarter, Section 11, Township 13 North, Range 2 West, 40 acres;

and defendants are still the owners of said real estate.

"3. Plaintiffs further say that prior to said time the defendant Edward Pearson d/b/a Pearson Building Supply and Pearson Building Supply, Inc. entered into a contract by which said Edward Pearson d/b/a Pearson Building Supply and Pearson Building Supply, Inc. agreed to perform labor and procure stone and to veneer with stone the dwelling upon the above described real estate being erected by said Billy H. Pruitt and Lena Pruitt, husband and wife. The exact terms of said contract not being known to plaintiffs but known to defendants.

"4. Plaintiffs further say that the defendant Edward Pearson d/b/a Pearson Building Supply and Pearson Building Supply, Inc. did purchase stone from the plaintiffs to be used in the veneer of the dwelling on said real estate of the reasonable value of $665.59, an itemized statement of which is attached hereto, made a part hereof and marked

Plaintiff's 'Exhibit A,' and said materials were used for and in erection and construction of said dwelling.

"5. Plaintiffs further say that said defendant Edward Pearson d/b/a Pearson Building Supply and Pearson Building Supply, Inc. promised and agreed to pay plaintiffs said sum of $665.59.

"6. Plaintiffs further say that on the 24th day of October, 1960 and within sixty (60) days from the time of the furnishing of said materials plaintiffs filed in the Recorder's Office of the County of Morgan, State of Indiana, a notice in writing of their intention to hold a lien on the above described property therein specifically setting forth the amount claimed, to-wit: $665.59, together with the described real estate as heretofore set out, a copy of which said notice is filed herewith, made a part of this complaint and marked 'Exhibit B.'

"7. That said notice was on October 25, 1960 recorded in Miscellaneous Record 28 page 352 and said sum of $665.59 is now wholly unpaid."

Trial was had without the intervention of a jury. The appellee-defendant Edward Pearson was called and defaulted. Thereupon the court entered a finding for the appellants and entered a judgment against appellee-defendant Pearson. Appellees Billy H. Pruitt and Lena Pruitt filed a "motion for finding" which was sustained by the lower court.

Appellants maintain that the trial court erred in overruling their motion for a new trial and specifically erred in sustaining the appellees' "motion for finding."

There was conflicting evidence below concerning the delivery, acceptance and use of the stone; and appellants now urge that the trial court failed to resolve all conflicts in the evidence by considering only evidence favorable to the appellants.

The trial court is required to accept all facts which the evidence tends to prove and draw all reasonable inferences from this evidence. If there is a conflict in the evidence, then the court considers only such evidence as is favorable to the party against whom the motion is directed. *Campbell* v. *Githens* (1932), 94 Ind. App. 681, 182 N. E. 100, 101.

It is our opinion that there was evidence from which the lower court could have at least inferred that appellee-Pearson ordered the stone, and that appellants delivered the stone to the site of its use at Pruitts' house.

It appears from an examination of the record that appellants did comply with the statutory requirements for filing and perfecting a mechanic's lien as set out in the Acts of 1909, Ch. 116, § 1, as amended (Burns 43-701 to 717).

The fact that appellees paid to Pearson, the contractor, the established value of the stone cannot be raised as a defense to appellants' lien. This court has often held that the lien of a sub-contractor or materialman cannot be defeated or affected by any payment on the part of the owner to the contractor. *Johnson* v. *Spencer* (1912), 49 Ind. App. 166, 96 N. E. 1041; *Colter* v. *Frese* (1873), 45 Ind. 96; *Crawfordsville* v. *Johnson* (1875), 51 Ind. 397.

The appellee-Pruitts in this case have failed to file an answer brief. Therefore, we have only to determine whether or not the above arguments presented by the appellants establish a prima facie case of error.

The general rule is that where no answer brief has been filed by the appellee, the judgment may be reversed if appellant's brief presents a prima facie case of error. *Hamilton* v. *Korbly* (1965), 137 Ind. App. 135, 205 N. E. (2d) 833; *Ellet* v. *Ellet* (1965), 137 Ind. App. 96, 205 N. E. (2d) 555; *Hill* v. *Hill* (1965), 136 Ind. App. 630, 204 N. E. (2d) 222.

In the case of *U. S. Steel Corporation* v. *Cicilian* (1962), 133 Ind. App. 249, 180 N. E. (2d) 381, rehearing dismissed 181 N. E. (2d) 538, our Court held as follows:

"Appellee has not favored us with an answer brief and, consequently, while we do not consider this as a proper case in which to consider the failure to file such a brief as a confession of error, . . . we may, nevertheless, consider the statements in appellant's brief as to the record as conclusive when such statements are not in conflict with the parts

of the record set forth in such brief, and reverse the award if appellant's brief makes a *prima facie showing of error*. (See cases collected in West's Ind. Dig., Vol. 4, Appeal and Error, Sec. 773 (5) and same section in 1961 Cum. Ann. Pocket Part of same work. See, also, I. L. E., Vol. 2, Appeals, Sec. 394, and cases cited in the notes thereto.)" (Emphasis supplied)

The above rules have been established for the protection of the court so that the court might be relieved of the burden of controverting the arguments advanced for a reversal where such burden rests upon the appellee. These rules are not for the benefit of the appellant. Their application is discretionary and dependent upon the appellant having made a prima facie showing of error in his brief. *Wilson v. Wilson* (1956), 126 Ind. App. 218, 131 N. E. (2d) 658.

The burden in the present case was upon the appellees Pruitt to establish by evidence of probative value that the lien upon their house was not enforceable. Since the appellees did not favor us with an answer brief, they have failed to overcome this burden, and leave us to consider only the limited evidence and arguments presented by the appellants in their brief.

We have carefully examined appellants' brief, and it is our opinion that the appellants in their brief have shown prima facie reversible error on the part of the trial court in sustaining appellee-Pruitts' "motion for finding" and in overruling appellants' motion for a new trial. The judgment of the trial court is therefore reversed with instructions to the court to overrule the "motion for finding" and for further proceedings not inconsistent with this opinion.

Judgment reversed.

Bierly, Hunter and Mote, JJ., concur.

NOTE.—Reported in 218 N. E. 2d 168.