BARRON, ETC. *v.* HOCHSTETLER, ADMINISTRATOR.

[No. 20,576. Filed June 12, 1967. No petition for rehearing filed.]

*Howard E. Peterson,* of LaGrange and *Edgar A. Grimm,* of counsel, of Kendallville, for appellant.

*LeRoy K. Schultess,* of LaGrange, for appellee.

SMITH, J.—This cause involves an appeal from a judgment rendered by the LaGrange Circuit Court.

The appellant, Robert W. Barron, filed a claim against the estate of Mary Ann Hochstetler to recover the sum of $457.94 alleged to be due him on a conditional sales contract which he had entered into with the decedent.

The appellee, Henry J. Hochstetler, Administrator of the Estate of Mary Ann Hochstetler, disallowed said claim and the same was transferred to the trial docket of the LaGrange Circuit Court for trial and disposition.

The appellee elected not to plead any other matter by way of defense or counterclaim.

Trial was had by court without the intervention of a jury on the issues presented by the pleadings. At the conclusion of the appellant's evidence, the appellee moved for a finding for the estate. The trial court sustained the appellee's motion for judgment on finding by entering judgment for the defendant estate and that the appellant should take nothing under his claim heretofore filed.

Within thirty days after the decision and judgment of the court the appellant filed his motion for a new trial, which reads as follows:

"Plaintiff in the above entitled cause moves the court for a new trial on each of the following grounds:

"1. The plaintiff was, by accident and surprise, which ordinary prudence could not have foreseen and guarded against, prevented from having a fair trial in this cause to wit:

"He failed to understand from his communication with his attorney that he was required to appear at the trial and on the day of the trial was engaged in gainful employment away from his home and could not be reached by telephone and had he been present he could have competently testified to the fact that the contract, which formed the basis of the complaint, had a balance due of Three Hundred Eighty-five and Ninety-four Hundredths ($385.94) immediately

after the demise of Mary Ann Hochstetler and that neither the administrator, nor anyone else, paid same through date and that the administrator had the hearing aid in question in his possession after the demise of Mary Ann Hochstetler and the same has not been returned to the plaintiff, all of which facts more fully appear by the affidavit of the plaintiff herein filed herewith and made a part hereof by this reference;

"2. That the decision of the Court is not sustained by sufficient evidence;

"3. That the decision of the Court is contrary to law;

"4. Error of law occurring at the trial, and excepted to by the party making this application, occurred in that the Court sustained the defendant-estate's motion for judgment on finding, whereas had such exception been sustained the defendant-estate would have had to prove that a defense existed to the prima facie evidence of the claim which was presented heretofore."

On January 18, 1966, the trial court overruled appellant's motion for a new trial.

The only issue urged by the appellant is that raised by the court's finding for the appellee on the grounds that the appellant failed to prove a prima facie case.

The assignment of errors is based on the sole proposition that the court was in error in overruling appellant's motion for a new trial. The appellant further urges that because of Indiana cases cited by the appellant relating to a prima facie case and statutory construction, the Uniform Commercial Code, § 3-307, applies to the Indiana conditional sales contract such as introduced into evidence.

Under the proposition as set out above the appellant urges that the claimant was, by accident and surprise, which ordinary prudence could not have foreseen and guarded against, prevented from having a fair trial in this cause because the claimant failed to understand from his communication with his attorney that he was required to appear at the trial and on the day of the trial was engaged in gainful employment away from his home and could not be reached by telephone.

Because of this the appellant respectfully submits that the trial judge should have exercised his power to open the judgment to take additional testimony in view of the fact that appellee admitted contract indebtedness to the appellant in the amount of $385.94. The appellant further states that the court's failure to recognize the equities in the appellant's cause constituted an abuse of discretion.

Section 19-3-307 (2) Burns' Indiana Statutes (1964 Replacement) states that:

> "When signatures are admitted or established production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

It appears that under the above statute, the presence of the conditional sales contract, duly executed, created a prima facie case for the appellant even though claimant was not present to prosecute his claim. Upon the failure of the defendant to establish a defense, the court should have entered judgment for the claimant.

We are of the opinion that the trial court abused its discretion and was in error in not granting a new trial. Burns' Indiana Statutes, § 2-2401 (1946 Replacement) provides that a new trial may be granted where there is "accident" or "surprise" which ordinary prudence could not have guarded against. The relief provided by this provision should be invoked to avoid injustice under a strict statute such as § 7-812 (b) Burns' Indiana Statutes (1953 Replacement). This case calls for such relief.

The appellee in this cause did not file a brief with our Court. Upon the failure of an appellee to file an answer brief, the Court may or should reverse the cause if the appellant's brief discloses prima facie or apparent reversible error. 3 *Indiana Practice*, § 2682, p. 427; *Bennett* v. *Pearson* (1966), 139 Ind. App. 224, 218 N. E. 2d 168.

When such reversal is based upon a showing of prima facie error only, the cause is remanded without prejudice to either

party. This rule of law is not for the benefit of the appellant, but for the protection of the court in order to relieve it of the burden of controverting appellant's arguments, which burden properly rests upon the appellee.

It is apparent from our prior discussion that the appellant's brief presents prima facie error.

This cause is remanded with instructions to either open the case for the taking of additional testimony or for the granting of the motion for a new trial.

Judgment reversed.

Pfaff, C. J., Bierly and Cook, JJ. concur.

NOTE.—Reported in 227 N. E. 2d 173.