## PEABODY ALWERT COAL COMPANY v. YANDELL.

[No 7,145. Filed November 15, 1911.]

1. MASTER AND SERVANT.—*Coal Mines.—Props.—Registering Need thereof.—Complaint.*—In a complaint for personal injuries alleged to have been sustained because of a lack of props for a coal mine in which plaintiff was employed, it is not necessary to allege that the plaintiff registered a request for props on the blackboard provided for that purpose. *Muren Coal, etc., Co. v. Copeland,* 46 Ind. App. 230, followed. p. 616.

2. MASTER AND SERVANT.—*Coal Mines.—Power to Make Roof Secure.—Complaint.—Transfer.*—Whether a complaint by a miner for injuries sustained because of an insecure roof in a coal mine must allege that such roof could have been made safe, is a question the Appellate Court cannot decide where there is an equal division of the judges on such question, and the case will be transferred to the Supreme Court. p. 616.

From Sullivan Circuit Court; *Charles E. Henderson,* Judge.

Action by Era Yandell against the Peabody Alwert Coal Company. From a judgment for plaintiff, defendant appeals. (For final decision, see — Ind. —.) *Transferred to Supreme Court.*

*John T. Hays* and *Will H. Hays,* for appellant.
*J. W. Lindley* and *O. B. Harris,* for appellee.

PER CURIAM.—This action was brought by Era Yandell against appellant, under the provisions of the statute regulating coal mines, to recover damages occasioned by the death of her husband, who lost his life while employed in the mines operated by appellant. The trial below resulted in a verdict and judgment in favor of appellee, and the case

is here on appeal. The complaint apparently proceeds on the theory that the mine boss violated the provisions of the statute by failing properly to inspect the working place of appellee's decedent, to see that it was properly timbered and that the safety of the mine was assurred, and to see that a sufficient supply of timbers was on hand at said working place; and that the mine operator violated the provisions of the act by failing to deliver props, caps and timbers at the working place of appellee's decedent, so that he might at all times be able to secure his working place from caving in; and that, by reason of such failure to furnish props, caps and timbers the roof fell upon him, causing his death.

A demurrer was filed to the complaint and overruled, and this ruling is assigned as error. The complaint is assailed upon two grounds. The first objection urged against

1. it is that it does not aver facts showing that appellee's decedent registered on the blackboard, maintained for that purpose, a request for props and timbers, giving the number required and the lengths, as provided by the act, and that after such request appellant neglected or refused to furnish such timbers. This court is agreed upon the question presented by this objection to the complaint, and is of the opinion that the want of such an averment does not make the complaint insufficient, and that the doctrine announced in the case of *Muren Coal, etc., Co.* v. *Copeland* (1910), 46 Ind. App. 230, should be followed.

The second ground of objection is that the complaint does not aver facts showing that the roof of the mine, at the place where injury occurred, could have been propped so

2. as to render it secure and prevent the injury, without an unreasonable interference with the work of the mine. It is insisted upon behalf of appellant that the same rule of construction should be applied to the mining act as was applied by the Supreme Court in construing the statute requiring dangerous machinery to be guarded. *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290; *Robertson* v.

*Ford* (1905), 164 Ind. 538. We are asked to follow and reaffirm the rule announced by this court in the case of *Zeller, McClellan & Co.* v. *Vinardi* (1908), 42 Ind. App. 232. Upon the question thus presented, it is impossible for this court to agree, three being of the opinion that the rule applied by the Supreme Court in the construction of the factory act should be applied to the act under consideration, while the other three are of the opinion that the rule of construction referred to has been extended quite far enough, and that the case of *Zeller, McClellan & Co.* v. *Vinardi, supra,* should be as to that part overruled. Other questions are involved in the decision of this case, but as a decision of the question here presented is vital and essential to its determination, the case is ordered transferred to the Supreme Court.