MONTGOMERY WARD & CO., INC. *v.* THALMAN ET AL.

[No. 28,627. Filed December 16, 1949. Affirmed by Appellate Court, June 28, 1950.]

*McClure, Shenk & Ellis,* of Kokomo; *David L. Dickson* and *Francis D. Roth,* both of Chicago, for appellant.

*Earl B. Barnes* and *Robert S. Ashby,* both of Indianapolis; *Don P. Strode,* of Kokomo, and *Barnes, Hickam, Pantzer & Boyd,* of Indianapolis (of counsel), for appellees.

GILKISON, J.—This action was brought by appellees in the trial court seeking a new trial of a cause they had brought against appellant in said court, in which judgment had been rendered against appellees. The action was brought under Section 2-2405, Burns' 1946 Replacement, Acts 1881 (Spec. Sess.) Ch. 38, p. 240, § 424, p. 320.

The complaint was put at issue, and was tried by the court, resulting in a finding and judgment in favor of appellees, setting aside the judgment theretofore rendered, and ordering a new trial.

Appellant then filed a motion to amend the judgment, and a motion for new trial, each was thereafter overruled, and this appeal was taken. The record and assignment of errors were filed in the Appellate Court on April 23, 1949.

On September 2, 1949, appellant filed in the Appellate Court its petition for writ of certiorari, seeking to have the date of the clerk's certificate to the transcript corrected. On November 30, 1949, the Chief Judge of the Appellate Court filed the order of said court showing four judges of that court "being unable to agree on a decision of appellant's petition for certiorari . . ., and thereby being unable to reach the merits of this

appeal this cause is now ordered transferred to the Supreme Court under the provisions of Burns' 1933, § 4-209."

The transfer statute relied upon above (§ 4-209, Burns' 1946 Replacement) touching this transfer is as follows:

> ". . .
>
> "Whenever, upon the determination of any appeal, it shall appear that the three (3) judges of the division do not concur in the result, the case shall be submitted to and be decided by the entire Appellate Court, and, in that case, if four judges shall not concur in the result, the case shall be transferred to the Supreme Court, and the judgment of the Appellate Court in such case shall be governed in all respects by the law applicable to the judgment of a division."

It is only when the appeal is determined without the concurrence of the three judges of the division that the case is then submitted to and shall be decided by the entire court, and if four judges shall not concur then in the result reached the case shall be transferred to the Supreme Court.

In this case there seems to be no disagreement in the results reached in the determination of the appeal. The order indicates that the merits of the appeal have not been considered by the Appellate Court. Its disagreement is of and concerning a subsidiary matter only—the issuance of a writ of certiorari. The first paragraph of the statute cited provides that the "divisions of said court, or the judge thereof, in vacation or recess, shall have the authority possessed by the Supreme Court or the judges thereof in vacation or recess, to stay proceedings, issue injunctions and mandates and to do other acts in aid of the exercise of their jurisdiction or to enforce their judgments or orders."

Full authority to issue writs of certiorari is given by § 2-3224, Burns' 1946 Replacement. See also *Metropolitan Realty Co.* v. *Payne* (1921), 76 Ind. App. 280, 131 N. E. 828. Without these statutes we think the Appellate Court has inherent power to issue and enforce writs of certiorari to correct the records, that are brought within its jurisdiction, so that they may speak the truth.

However, it seems that in this case the Appellate Court is not divided on the subject of authority to issue the writ of certiorari, but disagrees as to the propriety of doing so. This is not such a disagreement or failure to concur as is contemplated by the statute to authorize a transfer of the cause to this court. Transfers are authorized only upon a disagreement on the determinative question of the appeal. 21 C. J. S., Courts, § 368, p. 608; *Lesh* v. *Johnston Furniture Co.* (1938), 214 Ind. 176, 179, 13 N. E. 2d 708, 14 N. E. 2d 537; *Peabody, Etc., Coal Co.* v. *Yandell* (1911), 48 Ind. App. 615, 617, 96 N. E. 388; Same case, 179 Ind. 222, 100 N. E. 758; *Burroughs Adding Machine Company* v. *Dehn* (1942), 219 Ind. 350, 38 N. E. 2d 569. Whether a writ of certiorari should issue may be passed upon either way without determining the appeal. If it is not passed upon at all the appeal is still undetermined and it is impossible to know in advance whether four judges will concur.

All questions subsidiary to the determinative question, such as certiorari, mandate and prohibition in aid of the appellate powers and functions of the court to which the appeal is lawfully taken, must be passed upon by that court. A failure to agree on these subsidiary questions is not a cause for transferring the appeal to this court under § 4-209, Burns' 1933, *supra.*

It is, therefore, ordered that the appeal be remanded to the Appellate Court for its determination.

NOTE.—Reported in 89 N. E. 2d 220.