## SWIGGETT *v.* SWIGGETT.

[No. 29,600. Filed January 27, 1958.]

*Grier M. Shotwell, Paul F. Kortepeter, Kothe & Shotwell,* of counsel, all of Indianapolis, *Russell I. Richardson* and *Stewart & Richardson,* of counsel, both of Lebanon, for appellant.

*Scifres & Hollingsworth,* of Lebanon, for appellee.

PER CURIAM.—This appeal was taken from an interlocutory order and judgment of the Boone Circuit Court granting the appellee-wife a weekly support order of $100.00 and partial attorneys' fees of $1,500.00 during the pendency of a divorce action between the parties.

Appellant-husband on this appeal contends the evidence most favorable to appellee was insufficient to warrant the lower court in entering the foregoing interlocutory order and judgment for support money and attorneys' fees.

Appellee contends, however, the question of the sufficiency of the evidence to sustain the order and judgment of the lower court cannot be considered, as the bill of exceptions does not contain all the evidence introduced before the lower court.

What does the bill of exceptions profess to contain with respect to the evidence? An examination of the trial judge's certificate thereto states in part as follows:

". . . said bill of exceptions having been seen and examined by said Judge, is found adjudged to be substantially all of the evidence given in said cause and a full, true and complete transcript of all the evidence taken by the Court Reporter and upon which the order was based and all of the objections to testimony made upon the trial of said cause and all offers to prove and all rulings of the Court upon the admission and rejection of evidence upon said trial as taken by the Court Reporter.

"And the Court finds that said bill of exceptions as tendered is true, full and complete except as above indicated . . . ."

It further appears from the transcript of the record and it is admitted by appellant in his brief, that hearings were had on the petition for support money on September 14, and September 17, 1957, and it further appears that the testimony introduced on September 14, 1957, was taken in the absence of a court reporter, and that the evidence appearing in the record is solely that which was introduced on the second day of the hearing, to-wit, on September 17, when the court reporter was present.

It has been many times stated by this court that a cause cannot be reversed for the insufficiency of the evidence to sustain the finding and judgment of the lower court unless the record clearly shows that all of the evidence is in the record. See: *Noel* v. *Van Fleit* (1933), 205 Ind. 657, 187 N. E. 832; *Lemasters* v. *Williams Coal Co.* (1934), 206 Ind. 369, 189 N. E. 414, and cases therein cited.

The certificate of the judge that "the bill of exceptions . . . is found adjudged to be *substantially all of the evidence* given in said cause . . . [and] *taken by the Court Reporter"* is not sufficient, especially when it affirmatively appears *there was other evidence not taken by the Court Reporter.* The bill of exceptions obviously excluded this evidence, as the certificate then stated: " . . . said bill of exceptions as tendered is true, full and complete *except as above indicated* . . . ." (Emphasis supplied.)

Appellant has also contended certain hypothetical questions asked by appellee of expert witnesses as to the value of attorneys' fees were improper because they were not based upon evidence in the cause. However, with this state of the record before us, we cannot presume against the sufficiency of the evidence to support the rulings of the trial court.

We regret our inability to determine this appeal on the merits of such questions raised by appellant dealing with the evidence, but it would be hazardous for us to indulge in presumptions as to what some of the absent evidence would be, and we would have to overturn many Indiana decisions to do so.

As no question is presented by the record, the judgment is affirmed.

Achor and Arterburn, JJ., concur in result.

NOTE.—Reported in 147 N. E. 2d 220.