NODINGER ET AL. *v.* CITY OF HAMMOND, INDIANA ET AL.

[No. 20,261. Filed June 22, 1965.]

*Eugene D. Tyler,* of Hammond, and *Bartel Zandstra,* of Highland, for appellants.

*Albert C. Hand, Cordell C. Pinkerton, G. Edward McHie,* and *Peters, McHie, Enslen & Hand,* of Hammond, for appellees.

BIERLY, C. J.—This action was commenced by appellants requesting the Lake Circuit Court to issue a Writ of Certiorari for the purpose of reviewing the action of the Hammond Board of Zoning Appeals in granting a variance in the Hammond Zoning Ordinance to Leslie R. Meyers and Dorothy M. Meyers to erect an office building on three lots Zoned Class "B" Residential in the City of Hammond.

Appellees entered a special appearance for the purpose of filing a Motion to Dismiss the Petition for Writ of Certiorari to challenge the jurisdiction of the trial court; the Lake Circuit Court sustained appellees' Motion to Dismiss and entered judgment together with costs for the appellees.

Appellants in their petition for Writ of Certiorari allege, in essence, that the decision of the plan commission was illegal and void in that it was not published in "accordance with law"; that there was failure to file application for a building permit and failure to file plans and specifications; that the building com-

mission did not rule on or refuse their petition and, therefore, was without jurisdiction to hear the purported "appeal"; that the Board of Zoning Appeals had no jurisdiction or power to grant an appeal or permit an exception of the type and in the manner requested by defendants in this cause.

Appellees entered a special appearance and filed their Motion to Dismiss the petition for Writ of Certiorari in that the court does not have jurisdiction over the defendants, as the petitioners have failed to comply with the statutory duty of causing a notice to be issued by the Sheriff of Lake County and that they have failed to make a presentation of the petition to the Judge of the Lake Circuit Court. Appellees asserted, further, that the court is without jurisdiction over the subject matter or the parties, as the petitioners are not "aggrieved parties" as provided by statute.

Rule 2-17 of our Supreme Court, which has the force and effect of law, provides, in pertinent part:

"The brief of appellant shall contain short and clear statements disclosing:

". . . .

"(d) A concise statement of so much of the record as fully presents every error and objection relied upon, referring to the pages and lines of the transcript . . .".

In *Board of Med. Regist. & Exam., etc.* v. *Bowman* (1958), 238 Ind. 532, 534, 150 N. E. 2d 883, the Supreme Court held:

"In order to present error on appeal it must be specified in the assignment of errors, and such specification or specifications, or the substance thereof, must appear in the 'Concise Statement of the Record' under Rule 2-17(d). Without such compliance the Judges cannot give intelligent consid-

· eration to the issues in the appeal without resorting to the record, which the rules seek to avoid....".

Having searched appellants' brief, it affirmatively appears that this brief fails to disclose a copy of the assignment of errors or the substance thereof, or where the same may be found in the record. Where the appellant's brief does not comply with the applicable Rules of our Supreme Court, the alleged errors are waived and the penalty for such non-compliance is affirmance of the judgment. See also: *Livingston, Admr.* v. *Livingston, Trustee* (1961), 132 Ind. App. 572, 178 N. E. 2d 466; *Justice* v. *Tripp* (1960), 130 Ind. App. 187, 191, 158 N. E. 2d 809 (transfer denied); *Hughes et al.* v. *State Bank of W. Terre Haute* (1954), 124 Ind. App. 511, 117 N. E. 2d 563; *Edwards et ux* v. *Wilson Oil Co.* (1963), 134 Ind. App. 290, 291, 187 N. E. 2d 496.

In addition to the infirmities of this appeal heretofore pointed out, it is distressing to be compelled to comment adversely on the mechanical make-up of the transcript. At least eight pages of the transcript lack characteristics ranging from legibility to decipherability. These eight pages are the result of some photostatic or photographic process, the failure or malfunction of which caused the mutilation of the original instruments.

Our Supreme Court Rules: 2-4 relating to transcript on appeals, 2-7 relating to exhibits, consolidation of records or procedure on appeal, 2-12 relating to motions and petitions, and 2-19 relating to briefs, all authorize photographic or other similar methods of reproduction to be employed in those enumerated spheres, provided that such process shall not impair the legibility of the material or matter re-

produced. We must conclude that the transcript in its preparation fails to conform to the Rules.

Due to the fatal defects in appellants' brief and, added thereto, a defective transcript, this court is impelled to affirm the judgment of the Lake Circuit Court.

On the basis of affirming the judgment as set forth above, it would serve no useful purpose to discuss the merits of the case.

Judgment affirmed.

Hunter, Mote and Smith, JJ., concur.

NOTE.—Reported in 208 N. E. 2d 198.