341 N.E.2d 520 (1976)
Zarko SEKEREZ, On Behalf of Himself and All Other Taxpayers of the County of Lake and State of Indiana, Plaintiff-Appellant,
v.
LAKE PORTER COUNTY REGIONAL TRANSPORTATION AND PLANNING COMMISSION, and Norman E. Tufford, As Executive Director, Defendants-Appellees.
No. 3-274A21.
Court of Appeals of Indiana, Third District.
February 16, 1976.
*521 Zarko Sekerez, Merrillville, pro se.
Arch N. Bobbitt, Rex P. Killian, Indianapolis, Joseph L. Skozen, Munster, for defendants-appellees; Ruckelshaus, Bobbitt & O'Connor, Theodore L. Sendak, Atty. Gen., Robert Colker, John H. Meyers, Deputy Attys. Gen., Indianapolis, of counsel.
HOFFMAN, Judge.
Plaintiff-appellant Zarko Sekerez (Sekerez) commenced this action in the trial court, naming appellee Lake Porter County Regional Transportation and Planning Commission (Commission) as the defendant. Sekerez sought a declaratory judgment adjudicating the Indiana regional planning Act[1] (the Act) to be unconstitutional. The Act is the statutory authority for the creation of the Commission.
The Commission filed a motion to dismiss appellant's complaint, which motion was granted by the trial court. Sekerez then filed a motion to correct errors, which was overruled by the trial court, and he subsequently prosecuted this appeal.
On appeal Sekerez again asserts that the Act does not meet the requirements of the Constitution of the State of Indiana. The specific contentions made by appellant are:
"The act violates Article 4, Section 19, of the Constitution of the State of Indiana in that:
a. It does embrace but does not express in the title the subject of taxes,
b. It embraces more than one subject, and
c. It has provisions that are not within the limitation of the title of the act."
Any inquiry by this court into the constitutionality of a statute must be guided by the certain fundamental rules of statutory and constitutional construction. Such rules were succinctly summarized by our Supreme Court in Book v. State Office Bldg. Comm. et al. (1958), 238 Ind. *522 120, at 133, 149 N.E.2d 273, at 280, as follows:
"(1) A statute is presumptively valid and will not be overthrown as unconstitutional if it can be sustained on any reasonable basis;
"(2) It is the duty of courts to uphold Acts of the Legislature if it is possible to do so within rules of law, and where there is doubt as to the constitutionality of a statute, it must be upheld; and
"(3) The burden is on the party attacking the constitutionality of the statute to establish the invalidating facts, and its invalidity must be clearly shown."
(Footnotes omitted.)
The effect of the portion of Art. 4, § 19, of the Constitution of the State of Indiana relied upon by appellant in making his first and third contentions was considered by our Supreme Court in Dortch v. Lugar (1971), 255 Ind. 545, 266 N.E.2d 25.[2] Therein, the court, at 551 of 255 Ind., at 30-31 of 266 N.E.2d, stated:
"As was recently stated in the case of State ex rel. Indiana Real Estate Comm. v. Meier (1963), 244 Ind. 12, 190 N.E.2d 191, Art. 4, § 19, was primarily designed for those titles which are narrower in scope than the actual enactment. The purpose of the provision has been recognized as two fold: first it is intended to prevent surprise or fraud by inclusion in the body of a bill matter of which the title gives no indication and which would fail to apprise the Legislature and the people as to the subject of legislation enacted or under consideration; and secondly to prevent a combination of nonrelated subjects in the same act. [Citations omitted.] To satisfy the requirements of Art. 4, § 19, it is not necessary that the title of an act amount to an abstract of its contents, but only that it fairly give notice of the legislative matter contained therein. [Citations omitted.] In applying this constitutional provision, we are permitted to indulge in a very liberal interpretation rather than a critical and strict construction calculated to defeat the act."
The title of the most recent amendment to the regional planning Act is "An Act to amend IC 1971, 18-7 by adding a new chapter concerning regional plan commissions." See: Indiana Acts 1973, P.L. 183, at 975. The title of the Act which was amended by this enactment, Indiana Acts 1967, Ch. 281, at 892-3, reads as follows:
"An Act to provide regional comprehensive planning; the creation, organization, powers and duties of regional planning commissions; the provisions of funds for the use of regional planning commissions; and the supervision of the activities of regional planning commissions under the provisions of this act."
In State ex rel. Pearcy v. Criminal Court (1971), 257 Ind. 178, 274 N.E.2d 519, our Supreme Court considered the titles of both an original and an amendatory Act in determining whether a certain provision enacted by the Legislature was contained in the title of such Act. Similarly, reference must be made in the case at bar to both the titles quoted hereinabove in passing upon appellant's contentions.
Both parties to this appeal recognize that the Act in question in the case at bar contains provisions authorizing a tax levy for entities such as the Commission. Inasmuch as the title of the original Act contains a reference to "the provisions of funds for the use of regional planning commissions;", it must be concluded that such title adequately gives notice of the taxation power contained in the Act. See: De Haven v. Municipal City of South Bend *523 (1937), 212 Ind. 194, 199-201, 7 N.E.2d 184, 186-7, and cases cited therein. Cf: Orbison v. Welsh, Governor, et al. (1962), 242 Ind. 385, 394, 179 N.E.2d 727, 732.
Appellant's other contention with regard to the title of this Act is that while the Act embraces the subject of the ownership and operation of mass transit equipment, no mention is made of this subject in the title to the Act. The thrust of appellant's argument as to this issue is that the title of the Act describes the Commission's function as "planning," and gives no notice that the Act enables entities such as the Commission to own and operate mass transit systems.
However, the title to the original Act states that it embraces "the creation, organization, powers and duties of regional planning commissions;". Such language gives clear notice that powers and duties are assigned to regional planning commissions in the Act in furtherance of the general purposes stated in the title. A detailed statement of such powers and duties in the title of the Act is not required by the constitutional provision upon which appellant relies. Marion, etc. Traction Co. v. Simmons (1913), 180 Ind. 289, 102 N.E. 132.
Appellant's second contention is that the Act improperly concerns the two separate subjects of regional planning and the operation of mass transit systems. However, as revealed by the title of the original Act quoted hereinabove, the Act clearly embraces the single subject of the creation of an entity to plan and implement solutions to regional problems. Such an undertaking is necessarily broad in scope, and this court cannot say that the two functions mentioned by appellant are so unrelated to the general purpose of the Act revealed in its title as to render it unconstitutional. Rather, it must be concluded that this Act comprises a comprehensive scheme of provisions which are both logically interrelated and reasonably calculated to accomplish the purpose revealed in its title. See: State ex rel. Taylor v. Greene Circuit Court (1945), 223 Ind. 562, 63 N.E.2d 287, and cases cited therein.
In light of the foregoing, it is apparent that appellant's contentions as to this statute cannot prevail on the merits. However, we do not rest our decision on those grounds.
One of the five grounds asserted in the motion to dismiss which was granted by the trial court was that "[t]he amended complaint states a new and different cause of action" from that stated in the original complaint. Any determination by this court as to whether the trial court erred in granting a dismissal of this cause on such ground must be based on a comparison of the original and amended complaints. However, a thorough review of the record before this court discloses that the original complaint filed in this cause is not contained therein.
An appellant has the burden of bringing before this court those portions of the record necessary for a determination of his appeal. Dager v. Ind. Sub. Sewers, Inc. (1970), 254 Ind. 137, 261 N.E.2d 858. In the case at bar, the record is materially incomplete as to an issue which could have served as the sole basis for the trial court's ruling. As a result, the appellant has failed to demonstrate that the trial court's ruling was erroneous, and the judgment of the trial court must be affirmed. Aocker v. Buell, Treas. et al. (1970), 147 Ind. App. 422, 261 N.E.2d 894 (transfer denied).
Affirmed.
GARRARD, J., concurs.
LYBROOK, J., participating by designation, concurs.
NOTES
[1] IC 1971, 18-7-1.1-1 through IC 1971, 18-7-1.2-1 (Burns Code Ed.)
[2] Art. 4, § 19, of the Constitution of the State of Indiana was amended subsequent to the enactment of the statute at issue in the case at bar.

See: Constitution of Indiana, Art. 4, § 19 (Burns Supp. 1975).