**Marlin STEWART, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 480S97.**

Supreme Court of Indiana.

April 10, 1980.

Charles Thomas Gleason, Wood, Tuohy, Gleason & Mercer, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen. of Indiana, Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

This cause is before this Court on a Petition to Transfer and is directed to the memorandum decision of the Court of Appeals, Second District, in which that Court *sua sponte* dismissed the appeal for lack of jurisdiction based upon the fact that the trial court's ruling on petitioner's Motion to Correct Errors was not in the transcript.

Petitioner was convicted of theft, a class D felony, Ind.Code § 35-43-4-2 (Burns 1979 Repl.) on November 30, 1978, and sentenced to two years' imprisonment on December 14, 1978. His Motion to Correct Errors was filed on December 29, 1978, and was denied by the trial court on January 3, 1979. There is no evidence of this denial in the record, but there is a notation on that date reading:

> "Defendant desiring an appeal as a pauper, Court appoints James Tuohy to prosecute defendant's appeal."

Petitioner's counsel then timely perfected this appeal and the transcript was certified by the clerk, approved by the judge, and filed with the Court of Appeals on May 7, 1979, within the extension of time allotted.

Although the issue of lack of jurisdiction had not been raised by either party, the Court of Appeals on October 31, 1979, with one dissenting vote, dismissed the appeal *sua sponte.* Petitioner filed a petition for a rehearing and attached an affidavit from the clerk of Marion County which stated that the ruling on the Motion to Correct Errors had been entered on January 3, 1979, but was omitted from the record of the case by the inadvertence, neglect, or mistake of an inexperienced deputy clerk. The Court of Appeals dismissed this petition for rehearing with a memorandum opinion pointing out that it was the duty of the petitioner to file a proper record and to proofread the record to find any omissions or mistakes before filing it with the appellate court.

We do not think this omission was of jurisdictional magnitude. It is clear that a timely Motion to Correct Errors was filed since that motion *is* part of the record. It is also clear that the trial court ruled upon the Motion to Correct Errors since defendant proceeded with all the necessary steps to perfect his appeal. Defendant has therefore properly invoked the jurisdiction of the Court of Appeals. *P–M Gas & Wash Co., Inc. v. Smith,* (1978) Ind., 375 N.E.2d 592.

It is well settled that an appellate court possesses the inherent power to award *sua sponte* a writ of certiorari in order to complete or correct the record on appeal. Ind.R.App.P. 7.2(C); *Salk v. Weintraub,* (1979) Ind., 390 N.E.2d 995; *Montgomery Ward & Co., Inc. v. Thalman,* (1950) 228 Ind. 486, 89 N.E.2d 220; *Kesler v. Myers,*

(1873) 41 Ind. 543. It is apparent from the record in this case that the omission was a clerical error, since one entry from January 3, 1979, dealing with the appointment of counsel for appeal, was included in the transcript even though the ruling on the Motion to Correct Errors made on that same date was not included.

■ While it is true that the burden of providing an appellate court with a proper record is on the defendant, the record in the instant case is not so insufficient as to exclude a consideration of the assigned errors. As we have said:

"Although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means. This is especially true in a case such as the one at bar where we prejudice no one by allowing the record to be corrected at this point." *American States Insurance Co. v. Jennings*, (1972) 258 Ind. 637, 640, 283 N.E.2d 529, 531. *See also: Edwards v. State*, (1968) 250 Ind. 19, 231 N.E.2d 20, 234 N.E.2d 845.

■ We feel the preferred procedure in this case is to allow the record to be corrected and to consider the case on its merits. We therefore remand this cause to the Court of Appeals with instructions to issue a writ of certiorari to correct the record and for an opinion on the merits.

Petition for Transfer is granted, the memorandum opinions of the Court of Appeals, Second District, are vacated, and the cause is remanded to that Court.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.