SEARS, ROEBUCK & CO. (AUTO DEPT.), Appellant (Defendant Below),

v.

Phil ROQUE, Appellee (Plaintiff Below).

No. 3–780A223.

Court of Appeals of Indiana, Third District.

Dec. 29, 1980.

---

3. Such a motion is properly designated a motion for judgment on the evidence. Ind.Rules of Procedure, Trial Rule 50.

Peter G. Tamulonis Kightlinger, Young, Gray & DeTrude, Indianapolis, for appellant.

STATON, Judge.

Phil Roque brought a breach of warranty action against Sears, Roebuck & Company for the value of two defective tires he purchased from Sears. After a bench trial, the trial court found for Roque and awarded $68.64 in damages, plus court costs, to him. Sears now appeals the judgment for Roque and raises only one issue for review: whether the judgment is supported by sufficient evidence in the record.

We affirm.

## I.

### Facts

Roque purchased four "Sears Roadhandler" radial tires from Sears in January of 1979. Two or three months later, Roque detected a slow leak in one of the tires. He returned the tire to Sears and requested that it be replaced with a new tire. An employee of the Sears automotive department inspected the tire and found an inch

to an inch and a half slit in the tread. Sears refused to replace the tire, but it repaired the tire by placing a radial patch on its inside surface. Even after the repair, however, the tire continued to deflate slowly.

A few months after Roque returned the tire to Sears for repair, Roque experienced a blowout of a different tire. Roque returned the tire to Sears and requested that the tire be replaced under the full warranty given by Sears when the tires were purchased. The pertinent section of the full warranty provides:

"TIRE FAILURE. During the first 25% of original usable tread (original tread less 2/32″) if the size and load range rating of the tire are equivalent to or greater than that specified by the vehicle's manufacturer, Sears will replace the tire, free of charge, or refund the purchase price of the tire, if a failure occurs which is apparently due to a defect in material or workmanship of the tire. Failures caused by road hazards are not covered by this warranty."

Sears told Roque that the blowout was not caused by a factory defect but rather was caused by a road hazard. Sears refused to replace the tire.

Roque filed suit against Sears in the Lake County Court and alleged that Sears sold two defective tires to him. He appeared pro se and related the facts recited above. Owen Lee Sensenbrenner, a Michelin Tire Corporation expert technician, presented evidence on behalf of Sears.[1] He examined both tires at his home office in Lake Success, New York, and determined that the slow leak and the blowout were caused by external penetration of the tires by foreign objects, or "road hazards." Sensenbrenner introduced into evidence sixteen photographs taken during his examination of the tires to support his opinion that road hazards, such as nails or deep potholes, caused

---

1. We are unable to determine from the record whether Sensenbrenner was a licensed attorney. In *State ex rel. Western Parks, Inc. v. Bartholomew County Court* (1978), Ind., 383 N.E.2d 290, the Indiana Supreme Court held that a small claims court could not exercise jurisdiction over a law suit involving a corporation unless the corporate litigant was represented by legal counsel. We encourage corporate litigants to ensure that the record reflects the requirements of *Western Parks*.

the damage to Roque's tires. Because he found no factory defects in the tires, Sensenbrenner concluded that Sears was not responsible for their replacement under the full warranty.

## II.

### Sufficiency of Evidence

Sears contends on appeal that the record is devoid of any evidence which indicates that the slow leak and blowout were caused by factory defects. It is Sears' contention that the only evidence in the record regarding the cause of damage to Roque's tires was Sensenbrenner's expert testimony, and that testimony clearly established that road hazards caused the slow leak and the blowout.

■ When the sufficiency of the evidence is challenged on appeal, our review of the record is limited to an examination of the evidence most favorable to the prevailing party with all logical and reasonable inferences that may be drawn therefrom. We will neither weigh the evidence nor assess the credibility of the witnesses in our review. If supported by substantial evidence of probative value, the judgment will be affirmed. *Connors v. Augustine* (1980), Ind.App., 407 N.E.2d 1186, 1188.

■■ Our review of the record to determine whether sufficient evidence supports the judgment presupposes that the appellant will file an adequate record that will aid us in conducting an intelligent review of the issue raised on appeal. *Swiggett v. Swiggett* (1958), 237 Ind. 541, 543, 147 N.E.2d 220, 221; *Sekerez v. Lake Porter County Regional Transportation and Planning Commission* (1976), 168 Ind.App. 102, 107, 341 N.E.2d 520, 523. Sears has impeded our appellate function by failing to provide an adequate record for review. The deficiency in the record arises out of Sears' inclusion of photocopies of the sixteen photographs introduced into evidence by Sensenbrenner. Record 86–101. These photocopies are faulty reproductions of the original photographs and depict nothing more than a black and white blur with no discernable features. The photocopies are of such a poor quality that we view their inclusion as being tantamount to a total omission of the photographs from the record. Because Sears has failed to provide a complete record of the relevant evidence presented at trial, we cannot address the merits of Sears' appeal.

■ Our standard of review, as stated above, requires that the evidence most favorable to the prevailing party be examined in determining the sufficiency of the evidence. The scope of review is not limited to the evidence presented during the plaintiff's case- in-chief, but extends to all evidence presented at trial. It is conceivable that a defendant may introduce evidence which in effect is more favorable to the plaintiff. From the trial court's remarks during the presentation and explanation of the photographs, the court may have viewed the photographs as supporting Roque's contention that the damage to the tires was caused by factory defects. During Sears' case-in-chief, Sensenbrenner showed the photographs to the trial court and stated:

"BY MR. SENSENBRENNER:

This is the first tire I examined (indicating). There's the penetration hole, that's my thumb in the photograph there (indicating). There is the interior damage in the sidewall. And it is a road hazard. On the other picture it does have the serrations (phonetics) where a foreign object did penetrate the tire."

Record at 78. The trial court responded:

"BY THE COURT:

I don't believe it."

Record at 78. Sensenbrenner continued his explanation of the photographs, but the trial court, after examining the photographs, refused to believe his findings. The trial court, as the trier of fact in the present case, was not required to believe the testimony of Sensenbrenner just because he testified as an expert witness. *City of South Bend v. Users of Sewage Disposal Facilities of Clay Utilities, Inc.* (1980), Ind.App., 402 N.E.2d 1267, 1275. However, the trier of

fact could have evaluated the evidentiary value of the photographs and other physical exhibits used by the expert witness in formulating his opinion.[2] The photographs could have depicted physical conditions in the tires from which certain inferences could have been made to contradict the oral testimony of the expert witness. If the photographs created an inference that the damage to Roque's tires was caused by factory defects or not caused by road hazards, the evidence would have been favorable to Roque. As such, the photographs should have been included in the record. Because Sears omitted the photographs from the record, we are unable to review evidence that may have been favorable to Roque.

■ It has long been the policy of this Court not to review a record that has not been reproduced or photocopied in a legible condition. *Nodinger v. City of Hammond* (1965), 137 Ind.App. 324, 327-28, 208 N.E.2d 198, 200. The Rules of Appellate Procedure do not require us to decipher illegible photocopies. *Silverthorne v. King* (1979), Ind. App., 385 N.E.2d 473, 476. We also believe that we are not required nor are we able to speculate as to the physical condition a photocopy of a photograph is intended to depict. The Indiana Supreme Court was confronted with a similar situation in which the appellant provided photocopies of photographs which he argued were erroneously admitted into evidence because of their gruesome nature. *Bonner v. State* (1979), Ind., 392 N.E.2d 1169. The Court characterized the photocopies as being "barely discernable" and held that they were properly admitted into evidence by the trial court. The risk of submitting photocopies of photographs was evidenced when the Court stated:

"If any serious question of imbalance [between the relevance of the photographs and their tendency to inflame the passions of the jury] existed, it has been lost in the translation. We call counsel's attention to Appellate Rule 7.2(A)(3)(b)." 392 N.E.2d at 1170-71. Appellate Rule 7.2(A)(3)(b) provides:

"(b) *Exhibits-Physical Objects.* Physical objects (except papers, maps, pictures and like materials) which because of their nature cannot be incorporated in the transcript, shall not be sent to this Court on appeal, but shall remain in the custody of the trial court below until the appeal is terminated...."

The logical corollary of Appellate Rule 7.2(A)(3)(b) is that photographs, because they may be easily incorporated into the record, must be presented on appeal as part of the record of the proceedings. *Hall v. State* (1980), Ind., 405 N.E.2d 530, 533.

■ Our refusal to address the merits of this appeal is not an unduly harsh nor unprecedented result. The situation confronting us is analogous to an appellant's omission of a photograph from the record when the appellant is challenging its admissibility. Any error in the admission of the photograph is waived if it is omitted from the record. *Hall v. State* (1980), Ind., 405 N.E.2d 530, 533; *Buchanan v. State* (1978), 268 Ind. 503, 376 N.E.2d 1131, 1134-35. Likewise the failure to include relevant photographs in the record may result in a waiver of an appellant's challenge to the sufficiency of the evidence. The comments of the Indiana Supreme Court in *Cato v. State* (1979), Ind., 396 N.E.2d 119, provide persuasive support for our position. In *Cato*, the appellant failed to include in the record photographs of physical exhibits presented to the jury. The Court stated:

"[S]ince the record clearly indicates that there was evidence before the jury that was not in the record for the court's review, it was not proper for the reviewing court to make any conclusions or as-

---

**2.** Photographs are not necessarily conclusive evidence of the physical conditions which they depict. *Walker v. Statzer* (1972), 152 Ind.App. 544, 552-53, 284 N.E.2d 127, 132-33. Nevertheless, photographs, like the oral testimony to which they relate, may be weighed for their evidentiary value by the trier of fact in reach-

ing a conclusion. *Pettibone v. Howard* (1941), 218 Ind. 543, 546, 34 N.E.2d 12, 13. Photographs may constitute independent substantive evidence rather than merely serving as demonstrative evidence of a witness' testimony. *Bergner v. State* (1979), Ind.App., 397 N.E.2d 1012, 1014-17.

sumptions about that which was not in the record. When the sufficiency of the evidence is challenged, the burden is upon the defendant to convince the reviewing court that the evidence is insufficient. The court cannot come to such a conclusion from a record that omits a portion of the evidence for the obvious reason that the omitted evidence may furnish the missing link, as it apparently did in the instant case."

396 N.E.2d at 121. We agree that the sufficiency of the evidence cannot be examined on appeal without presenting all of the evidence that may have been taken into consideration by the trial court.

The omission of the photographs is unlike a technical violation of Appellate Rule 7.2 where an appellant fails to include marginal notations or a table of contents in the record. When a clerical error results in the omission of information required by Appellate Rule 7.2, an appellate court possesses the power to issue *sua sponte* a writ of certiorari to order the completion or correction of a record on appeal. *Stewart v. State* (1980), Ind., 402 N.E.2d 973, 974. However, the issuance of such a writ is wholly discretionary. The inclusion of photocopies that have the clarity of a Rorschach inkblot cannot be deemed a clerical error. Because the photographs constituted a major piece of evidence at trial, it would not be a judicious exercise of our discretion in issuing a writ of certiorari so that the actual photographs could be included in the record. The appellate process would be disrupted if we afforded Sears or any other appellant the opportunity to present an appeal in a piecemeal manner.

Affirmed.

GARRARD, P. J., concurs in result with opinion.

HOFFMAN, J., concurs in result and in concur in result opinion.

GARRARD, Presiding Judge, concurring.

I cannot agree that we are precluded from addressing the merits of the appeal because of the inclusion of illegible copies of the photographic exhibits. I certainly concur in disapproving of this practice, but I feel the better remedy would have us simply procure the originals at appellant's expense.

Contrary to Sears' assertion, the newness of the tires and the manner of their failure gave rise to a permissible inference of defect. Even with the expert's testimony, it was for the trier of fact to determine whether a defective condition in the tires was a contributing cause of the loss.

I concur in the result reached.